BENJAMIN G. CAMPBELL & al. versus DANIEL L. KNIGHTS.

As the mortgagor in possession is seized as to all persons but the mortgagee, his widow is entitled to be endowed of the equity of redemption; and an assignment of her dower will be valid and effectual against all persons excepting the mortgagee and those claiming under him.

The law will not permit one who has by deed admitted a matter to be true, to allege it to be false; but the estoppel cannot be extended beyond the exact terms of the admission.

When the equity of redemption is purchased by the mortgagee, the general rule is, that the mortgage may be considered as still subsisting, when it is for his interest that it should be, to protect himself against any other charge or incumbrance upon the estate; but whenever it would be inequitable, or contrary to the clear intention of the parties, or conducive to fraud, the mortgage is regarded as extinguished.

In this case, after the evidence was before the jury, the defendant consented to be defaulted, which default was to be taken off, if upon a report of the evidence the action could not be maintained.

The facts proved are concisely stated at the commencement of the opinion of the Court.

*Hathaway*, for the defendant, contended, that the widow is dowable of an equity of redemption, of which her husband died seized, against all but the mortgagee, or his assignee. *Walker* v. *Griswold*, 6 Pick. 416; *Eaton* v. *Simonds*, 14 Pick. 98.

When the demandants purchased, the value of the widow's dower was deducted from the price of the estate; and the demandants, by taking a deed from the administrator with a reservation of the widow's dower, as assigned, are estopped to deny both that the widow was entitled to dower in the premises, and that it had been lawfully assigned.

When the demandants purchased and became the owners of the equity of redemption, subject to the widow's dower, the mortgage thereby became merged and extinguished. 12 Mass. R. 465; 3 Metc. 55; 13 Mass. R. 227; 13 Mass. R. 525; 15 Mass. R. 278; *Freeman* v. *Paul*, 3 Greenl. 260.

The Court will not permit a mortgage to be upheld in the

hands of the owner of the equity, to be used as an engine of fraud and oppression. *Dana* v. *Coombs*, 6 Greenl. 90.

*Kent & Cutting*, for the demandants, said, that under the circumstances of this case, the widow was not entitled to dower against the demandants, the mortgagees. 4 Mass. R. 566 ; 9 Mass. R. 9 ; 4 Mass. R. 121 ; 11 Mass. R. 507. The assignment of dower by the probate court was entirely void.

The demandants are not estopped from claiming their rights by any thing contained in the deed from the administrator to them. This is a simple reservation, and not a recital, and the assignment being void, has no effect whatever. It is the language of the administrator, and not of the demandants. And *the widow is not a party, nor a privy to this deed.* 10 Johns. R. 230 ; *Braintree* v. *Hingham,* 17 Mass. R. 432 ; *Worcester* v. *Green,* 2 Pick. 425 ; *Housatonic Bank* v. *Martin,* 1 Metc. 294.

If the widow had been entitled to dower in the equity of redemption, it would have furnished no defence to this action. She should in such case have redeemed the mortgage, and then have had her dower assigned. A right to dower, before a legal assignment thereof, is no defence in an action against the widow. *Sheafe* v. *O'Neil,* 9 Mass. R. 13.

The purchase of the equity of redemption by the mortgagee is no extinguishment of the mortgage, unless it is for his interest that it should be. This is well settled. But if an extinguishment took place, the tenant can have no defence to this action, as her dower has not been assigned since the merger.

The opinion of the Court was drawn up by

SHEPLEY J. — The demandants conveyed the premises, on April 10, 1833, to Samuel Moore, who on the same day reconveyed them in mortgage. The wife of the tenant was then the wife of Moore. She did not become a party to that conveyance and relinquish her right of dower. After the decease of her former husband her dower in the premises was assigned to her by the court of probate, on October 20, 1834. The right in equity of the deceased, was sold by his administrator, on De-

cember 1, 1834, and the demandants became the purchasers, and received a conveyance containing a reservation in these words, "reserving from this conveyance the widow's dower, which has been assigned and set out heretofore." The question presented is, whether the demandants are entitled to recover that portion of the estate, which was thus assigned, and reserved as the widow's dower. If the mortgage had been foreclosed, the husband could not have been considered as seized so as to entitle his widow to be endowed. But the mortgage does not appear to have been foreclosed; nor does it appear, that any entry was made by the mortgagee for that purpose. It is now the settled doctrine, that the mortgagor in possession is seized as to all persons except the mortgagee, and that his widow is entitled to be endowed of the equity of redemption. The assignment of dower was therefore a valid assignment and must be effectual against all persons except the mortgagees and those claiming under them. *Wilkins* v. *French,* 2 App. 111.

It is contended, that the demandants by accepting a conveyance of the right in equity, containing such a reservation, are estopped to deny, that the widow was entitled to dower as against themselves, and that it had been properly assigned to her. The law will not permit one, who has in a solemn manner admitted a matter to be true, to allege it to be false; but the admission cannot be extended beyond its exact terms. Estoppels are mutual, and the demandants cannot be permitted to deny the facts stated in that clause of the deed. They are, that the widow's dower had been assigned and set out to her in the premises, and that it was reserved by the administrator and not conveyed to them. They have not admitted, as it respects themselves as mortgagees, that her husband died seized, or that she was entitled to dower in the premises. They cannot be precluded from establishing a title, which may be good and not inconsistent with their admissions. *Right* v. *Bucknell,* 2 B. & Ad. 278. If their mortgage be therefore, an outstanding and subsisting mortgage upon the estate, they will be entitled to recover, and the widow must redeem it to be

restored to her dower. But if by the union of the two titles in the demandants, the incumbrance on the estate was extinguished, they will not be entitled to recover. The general rule is, that the mortgage may be considered as still subsisting, when it is for the interest of the party that it should be, to protect himself against any other charge or incumbrance upon the estate. When however it would be inequitable, or contrary to the clear intention of the parties, or conducive to fraud, the mortgage is regarded as extinguished.

In this case, as the sale of the equity was made by an administrator, it must be presumed, that he conducted legally, and that he advertised and sold the estate subject to the widow's right of dower in the premises. If others than the mortgagees had purchased, they must have paid off the mortgage to have relieved the estate, and they would then have obtained all, which they purchased, without obtaining an assignment of the mortgage and claiming a contribution from the widow.

The demandants purchased the equity subject to the widow's dower in the estate, and they cannot be considered as equitably entitled to stand in a more favorable position, than other purchasers would have done. It was obviously the intention of the parties at the time of the sale and conveyance, that the widow should be considered as fully entitled to her dower, as it had been assigned; and to consider the mortgage as subsisting for the purpose of defeating that dower would be alike inequitable and contrary to the intentions of the parties. At law the mortgage would be considered as merged. *Eaton* v. *Simonds*, 14 Pick. 104. And there is no equitable ground, on which it can be considered in this case as upheld. The default is to be taken off and a new trial granted.