## AULD AND TAYLOR v. HENRY V. KIMBERLIN.

7   601
44   742

7   601
677   837

1. PAYMENT OF JUDGMENT; *When compulsory; Effect of.* A payment of a judgment made to a sheriff with an execution in his hands to enforce payment, does not preclude the defendant from bringing his case to this court for review.

2. REPLEVIN—AFFIDAVIT—*Variation from language of Statute.* An affidavit for an order of delivery in an action of replevin, which states that the property in question "was not taken in execution on or under a judgment against the plaintiff," nor "by virtue of any other mesne or final process issued against the plaintiff," will not be held insufficient because it does not follow the language of the statute in alleging that said property "was not taken in execution on any *order or* judgment against the plaintiff."

3. ANSWER—*Striking out a part.* It is not error to strike from an answer, averments that could be proven under the 'general denial, which was one ground of defense set up in the answer.

4. INSTRUCTIONS. When the record shows that instructions asked by the defendants were refused, and does not disclose testimony that would make them applicable, this court cannot say they were improperly refused, even though they are correct as abstract propositions.

5. PARTIES—*Who may join as Plaintiffs in error.* When two or more parties are joined as defendants, and except to the decisions and judgment of the court, both or all may unite in removing the case to an appellate court for review, although some of the errors complained of affect one defendant only, and some another defendant only, that the whole case may be settled at once.

6. PRACTICE—*Orders, when reviewable.* When a case is brought to this court on error, the court can properly review any intermediate order involving the merits of the action, or any portion thereof, and among the orders so reviewable is the refusal of a court to set aside an order for the delivery of personal property in an action in replevin.

*Error from Brown District Court.*

REPLEVIN, commenced by *Kimberlin*, in March, 1867, against *David Auld* and *George W. Taylor*, to recover possession of twenty yoke of oxen, twenty ox-yokes, and

thirteen iron chains, which *Kimberlin* claimed as owner. The property was of the value of $1,472. At the commencement of the action the plaintiff filed an affidavit for an order of delivery, which was admitted to be in compliance with the law then in force, (amendment to code of 1862, Comp. L., p. 237, § 1,) except in the clause requiring affiant to state that the property "was not taken in execution on any *order or* judgment," etc. The language of the affidavit was, "not taken in execution on *or under a* judgment," etc. The property was taken by the sheriff, and delivered to the plaintiff. On the 18th of April the defendants *Auld* and *Taylor* filed separate answers. The matters stated in these answers, so far as they are material here, are stated in the opinion.

On the 20th of April *defendants* filed a motion to quash and set aside the "affidavit and order of delivery," because—"1st, The goods and chattels mentioned had al-"ready been taken by *D. Auld* in proceedings for the "replevin of personal property, and by virtue of an order "of delivery issued in pursuance of the code of civil "procedure by the clerk of the district court in and for "Atchison county. 2d, Said property was not in pos-"session of either of said defendants when the said affi-"davit was made, nor when the said property was taken "by the said plaintiff; nor did the defendants, or either "of them, detain the same. 3d, The said affidavit is "insufficient in law, and the proceedings are illegal and "void." Said motion was not supported by affidavits or other evidence showing the facts to be as stated in the first and second grounds. On the 14th of October, 1867, the *plaintiff* filed his motions to strike out a part of each answer, as being "inconsistent and redundant," which motions, and the decisions of the district court thereon, are set forth in the opinion. All the motions were heard

and decided, and the case tried and determined, October 16th, 1867. Exceptions were duly taken and entered. Certain instructions were asked by the defendants, which the court refused to give. The record contains these instructions but the testimony is not brought to this court. The jury returned a verdict in favor of the plaintiff, and judgment was given confirming the plaintiff's right to the possession of the property, and against the defendants for one cent damages, and costs of suit. Motion for new trial overruled, and the defendants bring the case here by petition in error.

*C. G. Foster*, for plaintiffs in error:

1. We allege that the court erred, 1st, In striking out portions of the defendants' answers. 2d, In overruling defendants' motion to set aside plaintiff's affidavit. 3d, In refusing the instructions asked for by the defendants.

A defendant's answer may contain as many grounds of defense, counter-claim, or set-off, as he may have, whether legal or equitable, or both. Code of 1862, § 102; code of 1868, § 94; Nash's Pl., 93; 10 How. Pr. R., 44; 20 Barb., 468; 1 Duer, 266.

There was nothing either *inconsistent* or *redundant*, in Auld's answer. In his first defense, he makes a general denial, and says he was entitled to the possession of the property, and alleges the reason. In his second defense, he distinctly avers, that he did not have the possession, nor control, nor power to deliver the property.

Nor is there any inconsistency in Taylor's answer. He denies that he wrongfully detains, and disclaims any *right* on his part to detain. But the court compelled him to elect, either to fight the case through as if he claimed the property, and right of possession, or else to admit that that he wrongfully detained, and rely on the allegation

that he had no right to do so, which would have been equivalent to a confession of judgment for costs of suit. By his general denial he puts in issue the wrongful detention, and by his disclaimer, he throws the question of the right of property, and the right of possession, on the other parties, to be settled between themselves.

An answer will not be stricken out because it contains matter which could be proven under a general denial. 9 How. Pr. R., 289; 16 Abb., 190; 2 Ohio St., 83.

2. The motion of defendants to set aside the plaintiffs affidavit should have been sustained. The affidavit is not in compliance with the statute. Comp. Laws, p. 237, § 1.

The same property had been taken by virtue of an order of delivery in replevin, and Auld had given bonds to·return it to Kimberlin & Kennedy, if return thereof be adjudged.

3. The court should have given the law to the jury as requested by defendants.

*W. W. Guthrie,* for defendant in error:

1. There was no error in striking out portions of defendants' answers. In replevin, a *general denial* is a full and sufficient defense, and includes every possible answer. *State v. Jennings,* 14 Ohio St., 77; *Simpson v. Reynolds,* 14 Barb., 506; Nash's Pr. & Pl., 293, 294.

2. Nor was there error in compelling Taylor to elect between his defenses. His answer contained, 1st, a general denial; 2d, a full disclaimer. On issue joined, the plaintiff would be compelled to maintain his petition, and would be entitled to costs. On a disclaimer, no issue is made, and defendant is entitled to costs. (Comp. L., p. 223, § 561; Gen. Stat. 1868, p. 746, § 587.) The two parts were entirely inconsistent; one *denied,* the other *admitted.*

3. But these alleged errors were not prejudicial to the *joint rights* of plaintiffs in error, and cannot be heard on joint assignment, which this case presents.

An error to the prejudice of Auld cannot be assigned by Taylor, when they separately answer.

4. The motion to set aside the order of delivery was properly denied. After the property had been delivered to the plaintiff the motion would lie. The property could only be ordered returned under § 194, code of 1862; (§ 185, code of 1868;) and the defendants have their remedy under § 198; (§ 189, code of 1868.)

The first two grounds of the motion were questions of fact, in support of which no proof was offered. Besides, such questions are triable only by a jury. *Allen v. Crery,* 10 Wend., 349.

Again: The affidavit was sufficient. There was no substantial departure from the words of the statute.

5. The instructions asked by defendants and refused, were not applicable. But the record here does not disclose the testimony, and the court will presume that the district court properly refused them.

The opinion of the court was delivered by

KINGMAN, C. J.: A question for decision is raised *in limine.* The judgment was rendered in the district court on the 16th of October, 1867. Execution was issued on the 8th of April, 1868, which was placed in the hands of the sheriff, who, with the execution in his hands, collected the money of Auld, one of the plaintiffs in error, on the 26th of May, 1868. The case was brought to this court, and the parties entered an appearance, before the expiration of three years from the rendition of the judgment.

Auld and Taylor v. Kimberlin.

1. Payment of judgment; when compulsory—and effect of.    A motion is made to dismiss the petition in error in this court "because the judgment is "satisfied, and therefore there is no judgment "to affirm or reverse." The motion must be denied. The payment was compulsory. The sheriff had the execution in his hands, with power to enforce it, and under obligation to do so. A payment made under such circumstances is always held to be an involuntary payment, and works no estoppel on the party making it. It is not intended to decide that a voluntary payment of a judgment in any case is a bar to an appeal, only that a compulsory one is clearly not. There is another reason for denying the motion in this case: The suit was for the recovery of specific personal property valued at $1,472. It had been taken by the sheriff and delivered to the plaintiff in the action, and the judgment confirmed the right of the plaintiff to the property, and adjudged the defendant to pay one cent damages and costs. To hold a party precluded from prosecuting an appeal from a judgment where interests so considerable had been adjudicated upon adversely to him, because he had even voluntarily paid the judgment of one cent, would be a severe application of rules of law, if they exist. The code gives the right to take a case up on error, and limits that privilege to three years after final judgment. In this case, at least, the plaintiff in error has done no act that deprives him of that right, and the motion must be denied.

The errors alleged are, first, the refusal of the court to set aside the order for the delivery of the personal property, because of the insufficiency of the affidavit; second, compelling Taylor to elect on which ground of his answer he would go to trial; third, striking out the third ground

of defense in the answer of Auld; fourth, the instructions given and refused. And of these in their order.

I. The affidavit states, with the other requisite averments, that the goods and chattels were not taken "in execution on or under a judgment against the plaintiff," omitting the words "or order," which the statute required.

2. REPLEVIN; Sufficiency of affidavit for order of delivery. See fourth clause of section one of ch. 31, Comp. Laws 1862, p. 237; (Gen. Stat., 1868, p. 661, § 177.) The affidavit contains also the averment that the goods and chattels were not taken on any other mesne or final process against the plaintiff. It would seem that this last statement is broad enough to cover all possible cases. If not taken in execution on a judgment, or on any other mesne or final process, it would be difficult to perceive how they could be taken by any legal process issuing from a court. All the other statutory requirements are embraced in the affidavit save the omission noted. We would be reluctant to hold that any requirement of the statute was immaterial because we could see no reason for it, and are not under the necessity of doing so in this case. The motion was not made till after the answers were filed and the issues made up. The motion was not called up for the action of the court until six months afterward, and then on the day the cause was called for trial. In New York this has been held too late; that the party waived the right to make the motion by filing his answer. We are not convinced that this ruling is correct. It will be remembered that the code did not make the same provisions in cases for the discharge of an order of delivery that it did for the discharge of attachments. An attachment may be discharged at any time before judgment, while there is no time specified when an order for the delivery of personal property may be made. Some discretion seems to

be left in the courts in that matter, and it is not unreasonable to say that in ordinary cases such a motion ought not to be heard just as a cause is called up for hearing, and such are the facts in this case, as shown by the record. Another reason might be given for not disturbing the ruling of the court in this matter. The verdict shows the property to be the property of the plaintiff; and if so, then no injury is sustained by the defendants by a refusal to set aside the order of delivery. Thinking that the affidavit substantially conforms to the law by embracing every substantive statement, and that the motion to set aside the order was properly overruled for the reasons given, we shall not disturb the judgment because of the alleged defect in the affidavit, and the ruling of the court thereon.

The motion to discharge the order of delivery stated as another ground of discharge that the facts did not authorize the issuance of the order; but as the facts do not appear in the record, we are not able to say whether the decision of the court on such ground was correct or not. We are to presume it was, in the absence of the facts.

II. The second alleged ground of error is the striking out a part of Taylor's answer. The first part of Taylor's answer is a general denial; the latter part is a disclaimer of any interest in or the right of possession in the goods and chattels in controversy in the action. On motion the court struck out the latter part of the answer. Upon the question as to whether the ruling was correct, the justices are divided in opinion, and therefore the decision of the court below is left to stand. The question embraced, at most, in this case but a small item of costs, but small as it is, it has been the subject of careful and anxious deliberation, with the result above indicated.

III. The third alleged error is the striking out the third ground of defense in defendant Auld's answer.

*3 Answer; striking out part.* The first clause of his answer is a general denial; the third clause sets up that Auld did not wrongfully detain the property, that he did not have possession or control of it, and had not had within one year previous to the commencement of the action, and was wholly without the power to deliver possession of it. Either of the three propositions in this clause of the answer constitutes a bar to the action if sustained by testimony, and unexplained or unqualified by other testimony; and each and all of them could be given in evidence under the general denial. What advantage the plaintiff could derive from striking out this clause, or what injury the order striking it out inflicted upon the defendants, is more than we can perceive; and consequently we do not find any error in the action of the court on this point.

IV. The instructions asked by the defendants were refused. We have not examined the instructions critically,

*4. Instructions; when refusal of, presumed to be correct.* and do not propose to. They refer to testimony, and none of the testimony appears in the record. Whether it was proper to refuse the instructions asked, we cannot say, and must presume the action of the court was correct. Admitting the instructions to be correct propositions of law, still, if there was no testimony upon which they would bear, it was proper for the court to refuse them. A court is not bound to give abstract propositions of law to a jury, having no relation to the testimony in the case. Indeed, such instructions ought not to be given, as they may well confuse the jury, and tend to withdraw their minds from the true points in controversy. In the absence of the means of determining whether the instructions were

39

proper or not, we cannot say there was error in refusing them.

V. Two other questions were raised in argument, by the counsel for the defendant in error, which would more properly have been considered in the first part of this opinion, but were postponed to its conclusion as they will more readily be understood from what has been already said.

5. PARTIES. Who may join as plaintiffs in error.

*First:* It was insisted that Auld and Taylor could not unite in the petition in error, and in prosecuting the case in this court, inasmuch as some of the alleged errors affected each only of the plaintiffs in error. The difficulty is more imaginary than real. Both were made defendants below; both excepted, and ought to have united in bringing the case to this court, and have the whole case settled at once. The spirit and letter of the code sustain such practice.

*Second:* It was urged that this court could not at this late day inquire into the action of the court in refusing to discharge the order of delivery on account of the insufficiency of the affidavit. The statute is plain. The limitation is three years on this and all questions brought up on the final order or judgment in a cause.

6. PRACTICE; orders—when reviewable.

The judgment of the court below is affirmed.

VALENTINE, J., concurring.

BREWER, J., not sitting in the case.