## BARTELS et al. *v.* HOEY.

A motion in this court to dismiss an appeal for want of prosecution and for the taxation of costs cannot be entertained where it is apparent on the face of the record that this court has no jurisdiction of the appeal.

*Appeal from District Court of Pueblo County.*

Messrs. BLAKE & JACOBSON, and Mr. BENJAMINE MATTICE, for the motion.

ELBERT, J. This cause was docketed by the appellee, who moves to dismiss it for want of prosecution. Want of jurisdiction is apparent on the face of the record. § 5, R. S. 537, cited by counsel, is not applicable.

An appeal did not lie to this court in this case. A dismissal for want of prosecution would be inapt, as such an order implies prosecution of the suit by the appellant legally possible. The suit must be dismissed for want of jurisdiction, apparent on the face of the record.

Upon the power of the court in such a case to award the defendant costs, there is some conflict in the decisions, but the great weight of authority is to the effect, that when a cause is dismissed for want of jurisdiction, costs cannot be awarded. *Hornthall* v. *The Collector*, 9 Wall. 566, and cases there cited; 2 Woodb. & M. C. C. 187; 3 Sum. C. C. 473; 2 Mass. 207; 23 Pick. 110. (*Contra*, but based on statute, 8 Metc. 370; 4 Gray, 201.) 1 Wis. 511; 4 id. 188; 3 N. H. 130; 4 id. 281; 21 Ark. 264; 26 id. 315; 2 Yerg. 579; 3 Litt. (Ky.) 331; 1 Verm. 488; 7 Cow. 423; 5 id. 33; 1 Conn. 40; 8 id. 165; 2 Fairf. 234; 24 Me. 332; Wright (O.), 417.

These decisions generally proceed upon the ground that the court has possession of the case, and that there can be no judgment where there is no jurisdiction. Whatever may be the hardship, it is difficult to escape the logic of this conclusion.

In the case of *Busham* v. *Rangsly*, 2 Woodb. & M. C. C. R. 187, WOODBURY, J., after an elaborate review of the

decisions of the different States, correctly, as we think, states the general conclusion as follows: * * * * "No court can award them (costs) without a special statute broad enough for the purpose * * * * notwithstanding, then, the equities in favor of giving costs where a party has been put to expense in a case dismissed for want of jurisdiction, and notwithstanding the broader discretion in courts, over costs, in chancery than at common law, there is a defect of power, to adjudicate or award costs to either side, where there is no power to adjudicate on the merits, and where the cause is dismissed on account of the want of any such power. * * * * It might be expedient for congress and the State legislature expressly to authorize a court to give costs in such cases, as they must hear and decide the question whether they have jurisdiction or not, and may well allow the costs of doing that, if the legislative power pleases, and even the costs of the whole proceeding."

In this view of the law we have searched in vain for some statutory provision that should allow us to award costs in this case. § 18, R. S. 156, does not aid us. No fair or usual construction of the language or legal phrases employed in that section can be held to include a case dismissed for want of jurisdiction, and could it be held that the section named did not exclude the application of other sections of the act to cases in this court, there is nothing in the entire act to authorize a different result.

*Costs denied.*