A. H. WILLIAMS AND J. F. NAYLOR v. PETER GARDNER.

1. REPLEVIN; *Affidavit, Irregular but not Void; Jurisdiction.* The plaintiff, in an action of replevin in a justice's court, states in his affidavit for an order of delivery that he has a special ownership in the property in controversy, that he is entitled to the immediate possession thereof, and that the defendants wrongfully detain the same from him; and he also states that his special ownership is derived from a written agreement between himself and one C., giving to the plaintiff the property to hold as a pledge and a security for $60, borrowed of the plaintiff by C.; but he does not state in his affidavit that C. owned the property, or that either he or C. ever had the possession thereof, and he does not give any copy of the said written agreement. And the plaintiff further states in his affidavit, that the property was not taken for the payment of any tax, fine or amercement assessed against him, or by virtue of an order issued in replevin, or any other "*mesne of* final process;" and he does not state therein that the property was not taken in execution on any order or judgment against him, or if so taken on execution that it was by statute exempt from seizure; nor does he state that it was not taken on "any other *mesne or* final process issued against him." At the time that this affidavit was filed with the justice, a bill of particulars was also filed, and a summons and order of delivery (one paper) was issued. Said summons was regularly served upon defendants, but the property in controversy was never taken. All the proceedings in the case, except said affidavit, were regular and sufficient. *Held,* That said affidavit was not void, but that it, together with the other proceedings in the case, gave the court jurisdiction of the defendants, and the power to hear and determine the case.

2. ———— *Damages; Jurisdiction.* And further, *held*, that as the property in controversy was not taken by the officer, the court had the power and the right to hear and determine the case as one for damages only, without any amendment of the affidavit being made.

*Error from Jackson District Court.*

REPLEVIN, brought by *Gardner* against *Williams* and *Naylor*, for the recovery of a mare and a saddle. Trial at the April Term, 1878, of the district court, and judgment for plaintiff. The defendants bring the case here for review.

*Hayden & Hayden,* for plaintiffs in error.

*A. D. Keller,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought by Peter Gardner against A. H. Williams and J. F. Naylor, for the recovery of a mare and a saddle. The action was commenced before a justice of the peace of Jackson county, where judgment was rendered in favor of the plaintiff, and against the defendants. The defendants then took the case to the district court on petition in error, where the judgment of the justice was affirmed; and the defendants in the justice's court (plaintiffs in error in the district court) now bring the case to this court on petition in error, and ask that the judgments of both the district court and the justice's court be reversed.

At the time the plaintiff (defendant in error) commenced his action, he filed with the justice an affidavit for the replevin, and also a bill of particulars; and upon these papers the justice issued a summons, including an order to the officer executing it, to seize the property in controversy and deliver it to the plaintiff. (Gen. Stat., p. 789, § 58; *Hannum v. Norris,* 21 Kas. 116.) The summons was duly served upon the defendants, but the property could not be found, and hence was never taken under the writ. On the return day of the summons, and at the time set for the trial of the cause, the defendants made a special appearance, and moved the court to set aside the service made in the case, and to dismiss the action because of certain supposed defects and irregularities in the papers in the case. The court overruled the motion, and the defendants excepted. The defendants made no further appearance in the case. The plaintiff then proceeded with the trial; but as the property in controversy had not been taken by the officer, he proceeded with the trial as an action for damages only, and recovered a judgment for $58 damages, and costs.

The defects in the plaintiff's papers, as the defendants alleged them to be and set them forth in their said motion, are as follows:

"1. The affidavit filed by the plaintiff in this case is irregular, and does not state facts sufficient to confer jurisdiction upon this court to issue summons in this action.

"2. This court has no jurisdiction of the subject of this action, or of the persons of the defendants.

"3. The summons issued in this case is irregular, and void upon its face.

"4. For other defects and irregularities appearing upon the face of the papers in the case."

It is not now claimed that either the summons or the bill of particulars, as a summons and bill of particulars in an action of replevin, is or was in any respect defective. Indeed, they were amply sufficient. But it is still claimed that the affidavit for the order of delivery is insufficient, and the defendants (plaintiffs in error) now point out what they consider to be the fatal and incurable defects therein. This they did not do, or at least it does not appear that they did it, in the justice's court. The defects now pointed out by the defendants are as follows:

1. While the plaintiff states in his affidavit that he has a special ownership in the property in controversy, that he is entitled to the immediate possession thereof, and that the defendants wrongfully detain the same from him, and while he also states that his special ownership is derived from a written agreement between himself and one Thomas Cline, giving to the plaintiff the property to hold as a pledge and a security for $60 borrowed of the plaintiff by Cline, yet the plaintiff does not state in his affidavit that Cline ever owned the property, or that either he or Cline ever had the possession thereof; and he does not give any copy of the said written agreement.

2. And while the plaintiff states in his affidavit that the property was not taken for the payment of any tax, fine or amercement assessed against him, or by virtue of an order issued in replevin "or any other *mesne of* final process," yet he does not state therein that the property was not taken in execution on any order or judgment against him, or if so taken on execution, that it was by statute exempt from seizure; nor does he state that it was not taken on "any other *mesne or* final process issued against him."

We think the affidavit was informal and defective in the

respects substantially as pointed out by the defendants; but still we do not think that it was so defective or informal as to be void. We think that the justice of the peace had jurisdiction to issue the summons, and that the summons was valid. If the action had proceeded to the end as one of replevin, we think the justice, upon proper motion being made therefor by the defendants, should have required the plaintiff to amend his affidavit so as to make it correspond strictly with the requirements of the statute; and if the plaintiff had then failed to so amend (and only in that case), then the justice should have dismissed the action. But the action did not proceed to the end as an action of replevin. The officer failing to find the property in controversy, the action was converted into one for damages only, and as an action for damages, no affidavit of any kind was required; and therefore we do not think that the court erred in overruling said motion.

Said affidavit contains "mesne of" instead of "mesne or," but any one can understand what was meant; and if the property was not taken under any "mesne or final process," it could not have been taken "in execution on any order or judgment;" (*Auld v. Kimberline*, 7 Kas. 601, 607;) and while the affidavit defectively states how plaintiff's special ownership of the property was derived, yet it also states positively and absolutely that he had a special ownership in the property. It was not absolutely necessary that the plaintiff should give a copy of said written agreement in said affidavit.

The affidavit was merely irregular, and not void; and all the other proceedings in the case were entirely regular. Hence, the justice had jurisdiction both of the parties and of the subject-matter of the action, and the right to hear and determine the case; and hence the defendants could not ignore the proceedings as nullities, but they were bound to appear and defend if they had any defense.

The affidavit related to the action wholly as an action of replevin, and when the action ceased to be one of replevin, and became one for damages merely, the affidavit became a

very unimportant paper in the case. It was probably necessary that the affidavit should be sufficiently regular so as to give to the court jurisdiction. But when the court acquired jurisdiction, and the action was converted into one for damages only, it then became entirely immaterial how irregular the affidavit was. It was no longer necessary that the affidavit should be amended so as to make it comply strictly with the statutes, or that the case should be dismissed, for an affidavit is not required at all in an action merely for damages.

But it is claimed that if we treat the action as one for damages only, then the summons was not sufficient; that it was defective in not having the amount for which the plaintiff would take judgment in the action in case the defendants did not appear indorsed on the summons, as required by § 11 of the justice's act. (Gen. Stat., p. 777.) But for the purposes of obtaining jurisdiction, this was an action of replevin, and the statutes do not require that any such indorsement should be made on a summons in replevin. With an ordinary summons in replevin, the court acquires jurisdiction of the parties whether the property is taken or not. And when the court obtains jurisdiction of the parties, it may proceed with the case as one for damages only, although no amount is indorsed on the summons, under the following statute, which reads as follows, to wit:

"Where the property claimed has not been taken, the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as may be right and proper." (Gen. Stat., p. 790, § 67.)

But the defendants were substantially informed on the face of the summons in this case for what amount the plaintiff would or might take judgment. A judgment in replevin is for the property itself, or for the value thereof or the value of the possession in case the property itself cannot be obtained, and for damages. (Laws of 1870, p. 184, § 6.) And the summons in this case showed that the value of the property in controversy was $73. Judgment, however, was ren-

dered for only $58 and costs. The bill of particulars was full and ample in this case; and as the summons contained everything that the statute requires, the defendants were bound to look into the bill of particulars if they desired to know anything further with respect to the plaintiff's claim. And if the summons and the bill of particulars taken together authorized a judgment to be rendered, which the defendants believed to be unjust or wrong, it was the duty of the defendants to make a defense to the action. Probably no injustice or wrong was done the defendants in this case. Probably they could not and should not have caused a different judgment to be rendered if they had made all the defense that they possibly could to the action.

The judgment of the court below will be affirmed.

All the Justices concurring.