## CLENDENNING v. GUISE.

Appeal and Error — Justice of the Peace — Replevin — Defective Affidavit in Replevin — Jurisdiction — Costs — Bill of Exceptions.

1. The Legislature has power to provide for the review of judgments of justices of the peace by the district court, upon proceedings in error, as well as by appeal; and the statutes authorizing such review are not repugnant to the constitution.

2. In case a judgment of a justice of the peace is taken to the district court by petition in error, an order of the justice overruling the defendant's exceptions to the surety upon plaintiff's undertaking in replevin can not be reviewed, in the absence of a bill of exceptions showing the exceptions, the affidavit supporting them, and the evidence taken thereon.

3. An affidavit in replevin before a justice of the peace which fails to show that plaintiff is the owner and entitled to the immediate possession of the property is insufficient.

4. An affidavit in replevin before a justice of the peace which stated that Frank Guise (the defendant) was the owner and entitled to the immediate possession of the property held to be insufficient, although it is probable that the statement was accidental rather than intentional.

5. A subsequent statement in the affidavit that the property was wrongfully detained by the defendant, but it not being stated that it was detained from the plaintiff, can not be held to cure, even by intendment, an omission to show that plaintiff is the owner and entitled to immediate possession.

6. In replevin before a justice of the peace, the affidavit constitutes the basis of the action and is jurisdictional.

7. Although an affidavit in replevin before a justice of the peace which contains in substance all the requirements of the statute, may, if its statements are defective in form merely,

be amended, and such defect would be waived if not season-
ably objected to; where there is a total absence of one of the
essential averments without which the statute declares that
no action shall be brought, the omission can not be cured by
amendment.

8. It is only when an affidavit is filed containing all the statu-
tory requirements, that a justice of the peace obtains juris-
diction in replevin over the subject of the action.

9. The Legislature may regulate the mode and the manner of
the exercise of the jurisdiction of courts, and such Legislative
enactments will be obligatory, unless, indeed, they should
practically deprive the court of the power granted by the
constitution.

10. Jurisdiction of the subject matter can not be conferred by
consent, and the want of it can be suggested at any stage of
the proceedings.

11. It is permissible for an appellate court to examine errors
not assigned; and it is customary to review jurisdictional
errors, apparent on the face of the record, though the same
be not assigned.

12. Where the action before a justice of the peace is essentially
one for the recovery of specific personal property (replevin),
and the justice has acquired no jurisdiction of such action,
he has no jurisdiction to render a judgment therein for
damages for the detention of the property, since, in such
case, damages for the detention of the property are but an
incident to the proceedings for the recovery of the property.

13. The Legislature possesses authority to provide for giving
judgment for costs, upon the dismissal of a suit for want of
jurisdiction either in the court where it originated or on
appeal; and under Section 3151, Rev. Stat. of 1887 (Sec. 4272,
R. S. 1899) the district court is authorized to award costs in
both courts in favor of plaintiff in error, where the proceed-
ings of a justice are taken to the district court on error and
the justice's judgment is there reversed for want of jurisdic-
tion of the justice.

[Decided December 17, 1898.]

ERROR to the District Court, Sweetwater County, Hon.
JESSE KNIGHT, Judge.

Replevin brought by H. M. Clendenning against Frank
Guise, before a justice of the peace. Judgment was ren-
dered for plaintiff for the possession of the property, and

ten (10) dollars damages for its detention, and costs of suit. Defendant took the case to the district court by petition in error, where the judgment was reversed for want of jurisdiction in the justice, and the costs of both courts adjudged against the original plaintiff. The latter prosecuted error. The material facts are stated in the opinion.

*John H. Chiles*, for plaintiff in error.

Since the adoption of the constitution, error does not lie from a justice 'of the peace to the district court; the only method of review authorized by the constitution, in such cases, is appeal. (Const. Art. 5, Sec. 23.) Appeals are distinguished from writs of error, in that the former subjects both the law and facts to a re-examination, while the latter is confined to a review of questions of law only. (1 Ency. L., 1st ed., 615; 2 id., 2d ed., 425; 103 U. S., 611; 7 Cranch, 110; 14 Mont., 525; Black's L. Dict., 78; 2 Bouvier's L. Dict., 165.) The decision of the justice as to the sufficiency of the surety upon the undertaking, and upon the question of defendant's objection to any testimony concerning damages could not be reviewed, on error, in the absence of a bill of exceptions. (Long v. Froman, 49 Kan., 360; Winter v. Shutter, 42 id., 544; Hart v. Scruggs, 36 id., 407.)

The affidavit in replevin was subject to amendment. (Meyer v. Lane, 40 Kan., 291.) Being amendable, the justice was not without jurisdiction. When the defendant does not object to the affidavit before trial upon the merits, he can not do so upon appeal. (20 Ency. L., 1st ed., 1082; Nichols v. Standish, 48 Conn., 321; Smith v. Emerson, 16 Ind., 355; Frink v. Flanagan, 6 Ill., 35; Cobbey on Replevin, 726, 729; 1 abb. Pr. R., 248.) The justice, at any rate, had jurisdiction of the person, and the judgment for damages was not reversible, in the absence of a' bill of exceptions.

No appearance for defendant in error.

POTTER, CHIEF JUSTICE.

This was an action in replevin originally brought before a justice of the peace for the recovery of a certain bicycle. Judgment having been rendered for the plaiutiff the defendant filed his petition in error in the district court seeking a reversal of the judgment upon three grounds; viz: (1) Error of the justice in overruling the exceptions of the defendant to plaintiff's undertaking; (2) error in assessing damages against defendant; and (3) error in finding and rendering judgment against the defendant.

In the district court, the cause being heard upon the petition in error, the judgment of the justice was reversed, and the plaintiff in error — the original defendant — was awarded judgment for costs in both courts.

The plaintiff in the suit before the justice prosecutes error to this court.

The first point urged by counsel for plaintiff in error is, that the district court erred in assuming jurisdiction to try the case upon petition in error from the justice court.

It is contended that appeal is the only method permitted by the constitution for a review by the district court of a judgment rendered by a justice of the peace, and section 23 of Art. 5 is referred to which provides, "Appeals shall lie from the final decisions of justices of the peace and police magistrates in such cases, and pursuant to such regulations as may be prescribed by law."

This constitutional provision, even if the word "appeals" is employed in its technical and restricted sense, does not in terms prohibit the review of the decisions of justices of the peace by proceedings in error. Assuming without deciding that by "appeals" is intended a certain appellate practice as distinguished from what is known in the profession as proceedings in error, the provision is an affirmative declaration that appeals shall lie from such decisions, but does not expressly or impliedly, as we think, negative the right of the Legislature, in its discretion, to provide an additional proceeding for their review. On the contrary we find in the constitution express authority

for it. In the section which defines the jurisdiction of the district court the following occurs:

"They shall have such appellate jurisdiction in cases arising in justices' and other inferior courts in their respective counties as many be prescribed by law." Art. 5, Sec. 10.

The statutes expressly allow a judgment of a justice of the peace to be taken to the district court by proceedings in error.

"Any final judgment of a justice of the peace in a civil action, except as otherwise provided, may be taken to the district court of the county in which the same shall have been rendered in one of the two following ways: 1. By appeal. 2. By proceedings in error in accordance with the provisions of chapter 12, division 7, of Title 38 of the Revised Statutes of Wyoming." Laws 1895, chap. 57, page 107.

The chapter of the Revised Statutes referred to in the above act is devoted to the subject of jurisdiction and procedure in error. It is provided therein that a judgment of a justice of the peace may be reversed, vacated, or modified by the district court. Sec. 3127. That the proceedings to obtain such reversal, vacation, or modification shall be by petition in error filed in the court having power to make the same. Sec. 3131. Provision is made for a stay of execution of the judgment of a justice when such proceeding is instituted. Sec. 3142. Upon affirmance of a judgment on petition in error by the district court, a penalty judgment may be rendered. Sec. 3148. The character of judgment generally to be rendered, and the further proceedings in case of the affirmance or reversal respectively of a judgment of a justice of the peace taken on error to the district court, is regulated by the provisions of sections 3150 and 3151. Exceptions may be taken and preserved to the opinion of a justice of the peace upon any question of law arising during the trial of a cause before him. Sec. 3473.

These laws are assailed as invalid. We perceive no repugnancy between them and the constitution, for the

reason, as already stated, that the latter instrument does not either expressly or by implication confine the review of the judgments of justices of the peace to that character of appellate proceedings technically known as appeals, but does, by positive declaration, confer upon the district court such appellate jurisdiction over inferior courts, including justices of the peace, as may be prescribed by law. The power of the Legislature being adequate to enact the law under which proceedings in error are taken, the courts have nothing to do with its policy, and if, as counsel conceives, the practice is "vicious, abominable, and absurd," an argument based on that theory may well be addressed to the Legislature, but can not be deemed persuasive of the construction to be accorded to plain and unequivocal constitutional or statutory expressions.

Criticism such as counsel attempts, however, is to some extent disarmed by the provisions of section 3151, which, in case of reversal, except for lack of jurisdiction on the part of the justice, requires the district court to retain the cause for trial and final judgment as in cases of appeal.

It is next contended that the district court erred in reversing the judgment of the justice and rendering judgment for the costs of both courts in favor of the plaintiff in error there, the defendant in the original case and defendant in error here.

The transcript of the justice shows in brief the following matters of substance entered upon his docket. That the plaintiff presented and filed his affidavit and undertaking, and asked that writ and summons issue against Frank Guise, the defendant, for the recovery of certain specific personal property, and the recovery of ten dollars damages. Writ and summons were issued, served, and returned. The officer's return disclosed that he had taken the property and delivered the same to the plaintiff, in default of the execution of a bond by the defendant. Both parties subsequently appeared in person and by counsel, and defendant filed and presented exceptions supported by affidavit to the sufficiency of the surety upon plaintiff's undertaking. The court overruled said excep-

tions, and defendant excepted to the order. Trial was thereupon proceeded with, and objection being offered to the absence of any pleading by plaintiff, he then pleaded orally, alleging his ownership of the property — one bicycle — his right to immediate possession, and a previous demand for the same. Defendant orally answered, denying each and every allegation of plaintiff's petition, and alleging the value of the bicycle to be fifty dollars. Witnesses were examined, and defendant objected to the introduction of any evidence as to damages sustained by plaintiff, for the reason that his pleading contained no allegation respecting them. The objection was overruled, to which an exception was taken. Upon consideration of the evidence the justice found that the plaintiff was the owner and entitled to the possession of the property, and had sustained ten dollars damages by the detention thereof, and rendered judgment in plaintiff's favor for the property and said damages with costs. The findings and judgment were excepted to.

In the record before the district court there did not appear a bill of exceptions, and the point is made that neither of the exceptions taken to the orders of the justice overruling the objections to plaintiff's surety, and to the introduction of evidence as to damages could be considered without such a bill. It is clear that the point is good at least as to the exception first noted, but it is not necessary to consider these matters, as it is evident the district court determined the case upon another question; viz., want of jurisdiction in the justice as to the subject matter of the action.

The order of the district court recites that it finds there is manifest error in the record and proceedings of the justice prejudicial to the plaintiff in error, and doth further find that the justice had no jurisdiction of the subject of the action. It was therefore adjudged that the judgment be reversed, and the plaintiff in error have and recover from said Clendenning his costs in the error proceedings taxed at $3.40, and his costs before the justice taxed at $11.80, and execution was awarded.

Counsel for plaintiff in error here states that the conclusion of the district court as to jurisdiction was based upon the affidavit for replevin filed before the justice, and it is evident that such must have been the case, as no other ground therefor is apparent.

The statute relating to actions of replevin before justices of the peace provides that "an action for this purpose shall not be brought until there is filed in the office of the justice of the peace an affidavit of the plaintiff, his agent, or attorney, showing: First, a description of the property claimed; Second, That the plaintiff is the owner thereof, or has a special ownership therein, stating the facts in relation thereto, and that he is entitled to the immediate possession of the property; Third, That the property is wrongfully detained by the defendant." Certain other facts are also required to be stated; such as that it was not taken in execution, or for a legal tax, or by virtue of an order of delivery, or other process, and the value of the property. Laws 1891, ch. 91, p. 371. The importance of the affidavit is further shown by the provision that if a justice shall issue the writ without it, the same shall be set aside at his cost, and he shall be liable in damages to the party injured. Laws 1891, p. 373.

Plaintiff filed an affidavit conforming with the requirements of the statute except in the particular that it failed to show that plaintiff was the owner and entitled to the immediate possession of the property. The omission was doubtless accidental rather than intentional, as it is stated that Frank Guise (the defendant) was the owner and entitled to the immediate possession of the property. It did, however, further on allege that the property was wrongfully detained by the defendant, but not that it was so detained from the plaintiff, hence this allegation can not even by way of intendment be held to cure the omission noted.

The affidavit then, as it was filed and remained throughout all the proceedings, and appears in the record in this court, charges that some one other than the plaintiff is the owner, and entitled to the possession of the property.

Counsel insists that such an affidavit is amendable, and cites Meyer v. Lane, 40 Kan., 291, and argues therefrom that the justice was not without jurisdiction.

It is not required that we determine whether the affidavit was subject to amendment if an offer to do so was made in time or not, for the reason that it was not amended, and no amendment thereof was at any stage of the trial or proceedings proposed or attempted. No doubt if an affidavit in replevin before a justice contains in substance all the requirements of the statute, but the statements are defective in form merely, it may be amended, and the defect would be waived if not seasonably objected to, as was the case in Williams v. Gardner, 22 Kan. 122, where the plaintiff alleged positively in his affidavit that he had a special ownership in the property, but in stating the facts relating thereto, enough was not shown to clearly vest in him such a special ownership. In that case the affidavit was held to have been merely irregular and not void. However, the court said that it was probably necessary that the affidavit should be sufficiently regular so as to give the court jurisdiction.

The affidavit in the case at bar does not furnish an example merely of imperfect or defective statement, but there is a total absence of one of the essential averments without which the statute declares no such action shall be brought.

The case of Meyer v. Lane, supra, cited by counsel, holds that an original affidavit in replevin may be amended so as to state sufficiently what has already been stated informally and indefinitely. The form of the affidavit is not given in the report of the case. Moreover, that case apparently arose originally in the district court. The civil code of Kansas follows substantially the Ohio code, as does our own, and it is probably that there, as in this State, jurisdiction of the action of replevin in the district court does not rest upon the affidavit, but that such jurisdiction is obtained by the filing of petition and issuance of summons. The right to have an order for immediate delivery may, as it does with us, depend upon the

filing of the statutory affidavit, but jurisdiction over the subject matter in such court probably does not. We do not, therefore, regard the case of Meyer v. Lane as deciding either that an affidavit for replevin before a justice of the peace is not jurisdictional, or that in case of an omission such as appears in this case it would be amendable.

When the affidavit constitutes the basis of the action, it is clearly jurisdictional. Under our statute regulating actions in replevin before justices of the peace, an affidavit must be filed containing all the statutory requirements *before the action shall be brought.* Only when such an affidavit is filed, therefore, does the justice obtain jurisdiction over the subject of the action. Cobbey on Replevin, Secs. 526–529; Commercial State Bank v. Ketcham, 46 Neb., 568; Detroit Safe Co. v. Kelly, 78 Wis., 134.

The laws of Nebraska respecting replevin before justices of the peace, like our own, require that before the action shall be brought, an affidavit showing certain facts shall be filed. In the case above cited, Commercial Bank v. Ketcham, the affidavit alleged the ownership to be in the affiant instead of the plaintiff, which was a corporation; the affiant being one who made the affidavit as agent of the plaintiff. The case was transferred to the district court as required by statute, it appearing the value of the property when appraised exceeded a certain sum. In that court an application was made to amend the affidavit, which was denied, and the writ was quashed. The supreme court held that in replevin before a justice the affidavit is the basis of the suit, is that upon which jurisdiction is predicated, and unless it is filed there is no jurisdiction. It was further held that the statement as to ownership was not indefinite or defective, but that the affidavit presented an entire absence of such statement as was required, and averred the right to be in another party (the affiant), and was not subject to amendment. In that case also the distinction between replevin actions in the district court and before justices of the peace was explained, and it was shown that whereas in the former the petition forms the

foundation of the action, and the affidavit the basis for the writ, in the latter the affidavit subserves the double pur-.pose of forming the basis of the action and for the issuance of the writ.    That case, it will have been observed, bears a close resemblance to the one at bar. . In Wisconsin it was provided by the statute that in replevin before a justice no warrant should be issued until an affidavit should be filed by the plaintiff or some one in his behalf, stating certain facts.    The court said in Detroit Safe Co. v. Kelly, supra, " The whole authority of the justice court to try an action of replevin rests upon the statute giving such jurisdiction, and the statute conferring such jurisdiction confers it only upon the condition precedent that an affidavit showing certain things must first be made and filed with the justice."    That case had been tried in the justice court and also in the circuit court on appeal, and the objection to the affidavit was for the first time made in the supreme court.    The justice was held to have been without jurisdiction, on account of a defect in the affidavit, viz., that it was not shown to have been made on behalf of the plaintiff, and the circuit court was ordered to dismiss the action.

A somewhat similar question was before the supreme court of the territory in Wearne v. France, 3 Wyo., 273. It was there held that in an action on a claim before it is due, the petition must show the existence of the grounds upon which such a suit is permitted to be maintained, and where it fails to do so there is an entire lack of jurisdiction in the court 'to try the action.

The constitution of this State confers upon justices of the peace concurrent jurisdiction with the district court in all civil actions where the amount in controversy does not exceed two hundred dollars with certain exceptions, but it is well settled that the Legislature may regulate the mode and the manner of the exercise of the jurisdiction of courts, and that such legislative enactment will be obligatory unless, indeed, it practically deprives the court of the power granted.    Brown on Jurisdiction, Sec. 14.

Jurisdiction of the subject matter can not be conferred

by consent, and the want of it can be suggested at any stage of the proceedings.

The petition in error filed in the district court did not assign as error the insufficiency of the affidavit, or want of jurisdiction, but although an appellate court, on proceedings in error, is not generally obliged to examine errors not assigned, it is permissible in the absence of a statute or rule to the contrary, for it to do so in its discretion, and it is not unusual, but rather customary, to review jurisdictional errors apparent on the face of the record, though the same be not assigned. 2 Ency. Pl. & Pr., p. 928.

But it is suggested that the action was also one for damages for the detention of the property, and that as to the judgment for damages the justice had acquired jurisdiction of the original defendant by service of summons and appearance. The action, however, was essentially one for the recovery of specific personal property. For the purposes of obtaining jurisdiction, it was an action of replevin. Williams v. Gardner, 22 Kan., 122, 126. Damages for the detention were but an incident to the proceeding for the recovery of the property. Cobbey on Replevin, Sec. 847, et seq. Upon no other ground could the justice have legally awarded judgment for such damages in the absence of an allegation showing a right thereto or claim therefor in the petition. The statutes provide that when the property has been delivered to the plaintiff, or taken from the defendant, and the finding shall be for the plaintiff, adequate damages shall be assessed for the illegal detention of the property. R. S., Sec. 3532.

The justice of the peace, therefore, was without jurisdiction of the subject of the action, and the district court committed no error in so holding.

It is further insisted that it was error for the district court to award judgment for costs in both courts. The question of giving judgment for costs upon the dismissal of a suit for want of jurisdiction either in the court where it originated, or on appeal, has been productive of much

controversy in the courts, the holding of some courts being that no judgment touching costs can be rendered in such cases, the decisions resting upon the idea that there can be no judgment where there is no jurisdiction.    See Bartels v. Hoey, 3 Colo., 279; Kinnear v. Flanders, 17 Colo., 11.    On the other hand it is held by many courts that a judgment for costs is not in such cases improper, for the reason that the parties have the right to appear, the one to insist upon maintaining the action, and the other to urge its dismissal, and that it is reasonable that the prevailing party should recover a judgment for his costs. See Kent v. Commissioners of Labette Co., 42 Kan., 534, where the authorities are collated.

It is, however, agreed that the Legislature possesses authority to regulate the matter by statute.    5 Ency. Pl. & Pr., 117; Kinnear v. Flanders, 17 Colo., 11.    This is probably upon the theory that the statute authorizing the judgment for costs has conferred upon the court jurisdiction for that purpose.

It is provided by our statute that when the proceedings of a justice are taken on error to the district court, and the judgment is reversed or set aside, the court shall render judgment of reversal, and for the costs that have accrued up to that time, in favor of the plaintiff in error, and award execution therefor.    R. S., Sec. 3151.    This seems to settle the matter, and we have no doubt but that it was entirely legal for the court to render judgment in favor of plaintiff in error, for such costs of both courts as would have been in case of a recovery by him upon the merits properly taxable against defendant in error.

*Affirmed.*

CORN, J., concurs.

KNIGHT, J., did not sit.