**Russell Eugene MILLER, the duly appointed Personal Representative of the Estate of John Scott Miller, deceased, on behalf of Russell E. Miller, Marta Miller, Ronda K. Miller and Robert Eugene Miller, Appellants (Plaintiffs),**

v.

**Charles A. MURDOCK, the duly appointed Personal Representative of the Estate of William R. Murdock, deceased, Appellees (Defendants).**

No. 89–52.

Supreme Court of Wyoming.

March 13, 1990.

Phillip J. Nathanson and Robyn E. Jennings of Nathanson & Wray, Stephen McMullen, Harvey L. Walner of Walner & Associates, Ltd., Chicago, Ill., Stephen K. Gregersen, Sheridan, for appellants.

Lawrence A. Yonkee and Michael K. Davis of Redle, Yonkee & Toner, Sheridan, for appellees.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

PER CURIAM.

Russell Eugene Miller (Miller), personal representative of the estate of his son, John Scott Miller, appeals from a jury verdict for defendant Charles A. Murdock (Murdock), personal representative of his son, William R. "Billy" Murdock. This wrongful death action arises from a single vehicle accident which killed all three youths in the vehicle, a pickup truck.

Miller presents five issues in his appeal, and Murdock responds with four. Murdock's first issue controls our result. He argues that the trial court lacked authority to extend the time for filing of motions for new trial or judgment notwithstanding the verdict (JNOV) under W.R.C.P. 6(b); that Miller's motion for new trial or JNOV was, therefore, untimely, and did not toll the time for filing notice of appeal; and that the appeal was then untimely and should be dismissed.

We agree the appeal must be dismissed. It was not timely filed under the requirements of W.R.A.P. 2.01, and W.R.A.P. 1.02 informs that timeliness of an appeal is jurisdictional. Consequently, we will discuss only the post-trial procedural history of this case.

The jury returned a verdict in Murdock's favor on October 14, 1988, and the district court entered judgment on November 7, 1988, dismissing the complaint. On November 9, 1988, Miller moved for an extension of time to file a motion for a new trial or JNOV, and the court granted the motion, extending the time for filing until December 12, 1988. Miller then filed his motion for a new trial or JNOV on December 12, 1988. A hearing was held on the motion on January 3, 1989, and the motion was denied by order entered January 16, 1989. Miller's appeal from the November 7, 1988 judgment and the January 16, 1989 order denying his motion was filed on January 31, 1989.

■ Miller's appeal runs afoul of the plain language of our procedural rules. W.R.C.P. 6(b) states:

(b) *Enlargement.*—When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court or a commissioner thereof, for cause shown may at any time in its discretion (1) with or without motion or notice *order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified time period permit the act to be done where the failure to act was the result of excusable neglect; *but it*

*may not extend the time for taking any action under Rules 50(b), * * * 59(b), * * * except to the extent and under the conditions stated in them.* (emphasis added).

W.R.C.P. 50(b), governing motions for JNOVs, and W.R.C.P. 59(b), addressing motions for new trials, state no exceptions to the Rule 6(b) prohibition of extensions. The rules plainly require strict adherence to the ten-day filing limits for JNOV and new trial motions. The district court was without authority to extend the filing period; thus, the attempted extension was a nullity. Because Miller's December 12, 1988 motion was filed thirty-five days after entry of judgment on November 7, 1988, it was not timely.

■ W.R.A.P. 2.01 provides for tolling of running time for appeal by a timely motion, including motions for JNOV and new trial. Because the December 12, 1988 motion was not timely it did not toll Rule 2.01's fifteen-day time limit for filing notice of appeal, which expired on November 22, 1988. This made Miller's January 31, 1989 appeal untimely.

■ W.R.A.P. 1.02 states that "[t]he timely filing of a notice of appeal is jurisdictional." The failure to comply with the deadline for filing an appeal is an incurable jurisdictional defect. *DS v. Dept. of Public Assistance and Social Services*, 607 P.2d 911, 915 (Wyo.1980). "[I]n the absence of a timely notice of appeal this court should dismiss." *Wiens v. American Motors Corp.*, 717 P.2d 322, 323 (Wyo.1986).

■ Miller argues that he relied on the district court's mistaken extension of time, and that Murdock simply "sat by" until it was too late to cure before objecting. We recognize that in federal courts a "unique circumstances" doctrine may operate to permit an appeal where it appears that a party was prejudiced by its reasonable reliance on a district court's mistaken extension of the filing deadline for a new trial motion. Despite our acknowledgment that federal court treatment of parallel federal rules is highly persuasive, *Kimbley v. City of Green River*, 642 P.2d 443, 445 n. 3 (Wyo.1982), we decline to extend the "unique circumstances" doctrine to Wyoming cases. First, we said in *Wiens* that an erroneous grant of an extension by a trial court will not toll the time for filing an appeal and dismissed in that case.[1] Second, the doctrine's continuing vitality in federal courts is suspect, *Kropinski v. World Plan Executive Council, U.S.*, 853 F.2d 948 (D.C.Cir.1988), and its rationale questionable.[2]

We believe that the vigorous dissent of Justice Clark in *Thompson v. Immigration and Naturalization Service*, 375 U.S. 384, 389, 84 S.Ct. 397, 400, 11 L.Ed.2d 404, 408 (1964), states the better position:

[T]he error of the trial judge in entertaining the motions could not be validated by the acquiescence of the [other party]. It is elementary that the parties cannot confer jurisdiction on the court.

We have said that untimely motions * * * for new trial are of no legal signifi-

---

**1.** *Wiens* involved the grant of a W.R.A.P. 2.01 fifteen-day extension based on excusable neglect for filing a notice of appeal. However, application for the extension was made by telephone. We said that application must be written to conform to Rule 2.01 and must include a showing of excusable neglect. We concluded that the district court had exceeded its authority by entertaining the telephonic application, that its order was therefore improper and did not extend the time for filing, and that the case must be dismissed because notice of appeal was then not timely.

**2.** It is difficult to understand how a party may reasonably rely on a court's error in applying rules counsel is charged with knowing. If counsel is aware of the error reliance cannot be

reasonable; on the other hand, ignorance of the rules is neither reasonable nor excusable (e.g., Ignorance is not grounds for a finding of "excusable neglect." 4A C. Wright & A.Miller, *Federal Practice & Procedure* § 1165 at 479–80 (1987)).

In * * * cases, including *Eady [v. Foerder* 381 F.2d 980 (7th Cir.1967) ], an intelligent reading of the federal rules would make it quite clear that the district court had no authority to entertain a new trial motion filed more than ten days following entry of judgment or to grant an enlargement of the appeal period. In this context, therefore, perhaps reliance on a clearly erroneous act of the district court should not have been considered reasonable. *Id.* § 1168 at 506–07.

cance whatsoever because the limiting language of Rule 6(b) is "mandatory and jurisdictional and [can]not be extended regardless of excuse." (citation omitted). In my view we should abide by these rules or amend them, rather than emasculate them.

Rules of procedure are a necessary part of an orderly system of justice. Their efficacy, however, depends upon the willingness of courts to enforce them according to their terms.

While the result may seem harsh in this instance, "the most important characteristic of filing requirements * * * is the certainty of their application." *Houston v. Lack*, 487 U.S. 266, ——, 108 S.Ct. 2379, 2389, 101 L.Ed.2d 245, 260 (1988) (Scalia, J., dissenting). We expect compliance with the plainly stated filing requirements in our rules of procedure. Here the district court was without authority to grant a filing extension to Miller. As a result, Miller's motions were not timely and did not toll the time for filing an appeal. His subsequent appeal was then not timely either. The appeal is dismissed.