Carl O. CARLSON, Jr., Appellant (Plaintiff),

v.

E. Leva CARLSON and Citizens National Bank and Trust Company, a National Bank, Appellees (Defendants).

No. 91-143.

Supreme Court of Wyoming.

Oct. 20, 1992.

### ORDER DENYING APPLICATION FOR REHEARING

Appellee, Citizens National Bank, filed an application for rehearing and the Court, having carefully reviewed that application, finds the application should be denied. It is therefore,

ORDERED that the application for rehearing be, and hereby is, denied.

URBIGKIT and GOLDEN, JJ., would have granted the petition.

URBIGKIT, Justice, dissenting, with whom GOLDEN, Justice, joins.

I respectfully dissent from this court's denial of the petition of Citizens National Bank and Trust Company for a "rehearing" following the decision of this court entered June 29, 1992, *Carlson v. Carlson,* 836 P.2d 297 (Wyo.1992).

In this court's decision, we inopportunely set aside a judgment from which no appeal had been taken and granted relief against a party which was in no way involved in the appeal. This court lacks jurisdiction to render an adverse decision to Citizens National Bank and Trust Company which was not a party within this appeal. This principle is so fundamental that it belies belief that we, by denying a rehearing, continue this fundamental jurisprudential mistake.

The judgment following verdict from which this court now grants relief was entered October 3, 1990. No appeal was *ever* taken. That portion of this litigation involved claims between Carl O. Carlson, Jr. as plaintiff and the Citizens National Bank and Trust Company as defendant which had made a loan and taken a mortgage on the contested property.

A second sequence of this case between the son as plaintiff, Carl O. Carlson, Jr., and E. Leva Carlson, his mother, was separately and sequentially terminated by judgment entered on May 14, 1991. A notice of appeal was appropriately filed on May 24, 1991 which presented this court with the issues which were then argued and briefed between Carl O. Carlson, Jr. and E. Leva Carlson.

The notice of appeal, in compliance with W.R.A.P. 2.02,[1] stated in text:

COMES NOW Carl O. Carlson, Jr., and hereby gives notice of his appeal of the Order Granting Motion for New Trial

---

1. The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or final order or part thereof appealed from; and shall name the court to which the appeal is taken.
W.R.A.P. 2.02.

entered on January 29, 1991 and Judgment entered on May 14, 1991 and Order Denying Motion to Set Aside Judgment. Plaintiff appeals from the District Court to the Wyoming Supreme Court.

Plaintiff certifies that he has ordered and arranged for payment of the transcript of the evidence deemed necessary for the appeal.

No other notice was given that appellant, Carl O. Carlson, Jr., intended to appeal from the judgment favoring Citizens National Bank and Trust Company entered on October 3, 1990. The bank did not appear before this court or file a brief. Appellant provided no argument in his brief or oral argument that he intended to attack the judgment received by the Citizens National Bank and Trust Company.

Sua sponte in decision, this court granted relief against a party who was not present and which was not requested by appellant. This was done by reversing the October 3, 1990 judgment on jury verdict and resetting that issue as well as the issues between mother and son for another retrial.

Since this court lacked jurisdiction to take the action contemplated by the court's opinion of June 29, 1992, I would grant a "rehearing" in favor of the non-party, Citizens National Bank and Trust Company, to correct this fundamental mistake in present decision which reaches to the basics of appellate procedure. We should be satisfied with reviewing the judgment from which appeal was taken and not venture back into this continuing course of catastrophe and family tragedy to resurrect for litigation a final judgment from which no appeal was taken involving a party who did not participate in the appeal. We are not faced with a question of confusion; it is one of jurisdiction.

In agreement with counsel for the Citizens National Bank and Trust Company, this court should follow its own rules and confine the decision to issues and parties properly presented for appeal decision making. *Matter of the Estate of Campbell,* 673 P.2d 645, 648 (Wyo.1983); *Miller v. Murdock,* 788 P.2d 614 (Wyo.1990); *Plas-Tex, Inc. v. United States Steel Corp.,* 772 S.W.2d 442 (Tex.1989). The first and fundamental question in every appeal is jurisdiction. *Gardner v. Walker,* 373 P.2d 598 (Wyo.1962).

I would granted the "rehearing" to consider where we are and what should appropriately be done in appellate decision making.