2007 WY 208

**Tim MERCHANT, Dick Blust, Jr. and Stephen Earl Barneski, Appellants (Plaintiffs),**

v.

**David GRAY, individually and in his official capacity as Sweetwater County Sheriff; The Sweetwater County Sheriff's Office and The Board of County Commissioners of Sweetwater County, Wyoming, Appellees (Defendants).**

No. S–07–0060.

Supreme Court of Wyoming.

Dec. 28, 2007.

Representing Appellants: Mary Elizabeth Galvan, Mary Elizabeth Galvan, PC, Laramie, Wyoming; V. Anthony Vehar, Vehar Law Office, P.C., Evanston, Wyoming. Argument by Ms. Galvan.

Representing Appellees: Patrick J. Crank, Attorney General; John William Renneisen, Deputy Attorney General; Theodore Rafael Racines, Senior Assistant Attorney General; Richard Rideout, Law Offices of Richard Rideout, P.C., Cheyenne, Wyoming. Argument by Mr. Racines and Mr. Rideout.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   In this employment law dispute, Appellants Tim Merchant, Dick Blust, Jr., and Stephen Earl Barneski appeal the summary judgment issued against them and in favor of Sweetwater County Sheriff David Gray. We are unable to consider this case on its merits, however, because the Appellants did not file a timely notice of appeal. Accordingly, this Court lacks jurisdiction, and we must dismiss this appeal.

## ISSUE

[¶ 2]   The single dispositive issue is one first raised by the Sheriff: whether this Court lacks jurisdiction because Appellants' notice of appeal was not timely filed.

## FACTS

[¶ 3]   Because the background facts are not pertinent to this decision, we narrow our focus to the following three events:

- On December 18, 2006, the district court entered its "Order Granting Defendants' Motions for Summary Judgment and Denying Plaintiffs' Motion for Summary Judgment."
- On February 1, 2007, the district court entered an "Order of Dismissal with Prejudice and Entry of Judgment."
- On February 20, 2007, the Appellants filed their Notice of Appeal.

Appellants filed their notice of appeal more than thirty days after the summary judgment order was entered. If that summary judgment order was an appealable order, then the Appellants' notice of appeal was not timely. If the order of dismissal was the appealable order, then the Appellants' notice of appeal was timely.

## DISCUSSION

[¶ 4]   W.R.A.P. 2.01(a) provides that "[a]n appeal from a trial court to an appellate court shall be taken by filing the notice of

appeal with the clerk of the trial court within 30 days from entry of the appealable order." W.R.A.P. 1.03 states that "timely filing of a notice of appeal . . . is jurisdictional," and it has long been established that this Court lacks jurisdiction over, and must dismiss, an untimely appeal. *See, e.g., MJH v. AV,* 2006 WY 89, ¶ 9, 138 P.3d 683, 685 (Wyo.2006). W.R.A.P. 1.05(a) defines an appealable order to include "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment."

■ [¶ 5] It is well-established that the denial of a motion for summary judgment is not an appealable order. *Schmid v. Schmid,* 2007 WY 148, ¶ 26, 166 P.3d 1285, 1292 (Wyo. 2007); *St. Paul Fire and Marine Ins. Co. v. Albany County Sch. Dist. No. 1,* 763 P.2d 1255, 1257 (Wyo.1988). The general reasoning is that, when a motion for summary judgment is denied, the parties proceed to trial, and the judgment reached after trial becomes the appealable order. *See State Farm Mut. Auto. Ins. Co. v. Shrader,* 882 P.2d 813, 820 (Wyo.1994). However,

> when the district court grants one party's motion for a summary judgment and denies the opposing party's motion for a summary judgment and the district court's decision completely resolves the case, both the grant and the denial of the motions for a summary judgment are subject to appeal.

*Lieberman v. Wyoming.com LLC,* 11 P.3d 353, 356 (Wyo.2000); *LVW v. J,* 965 P.2d 1158, 1161–62 (Wyo.1998). In this case, the district court both granted the Sheriff's motion for summary judgment, and denied the Appellants' motion for partial summary judgment. If that order completely resolved the case (or, using the language of W.R.A.P. 1.05(a), if it "determines the action"), then it was an appealable order.

[¶ 6] We gleaned the record for any issue left unresolved by the district court's summary judgment order. We found none. Significantly, the Appellants identified none.

The first paragraph of the district court's order recited that "Defendants' motions for summary judgment on **all Plaintiffs' claims** are granted." (Emphasis added.) The Appellants' complaint set forth four separate causes of action, and the district court's order explicitly addressed and rejected each one in turn. The order concluded by granting final judgment: "IT IS HEREBY ORDERED that Defendants' Motions for Summary Judgment are GRANTED. IT IS FURTHER ORDERED that Plaintiffs' Motion for Partial Summary Judgment is denied." This ruling left nothing for future consideration, and determined the action. It was, therefore, an appealable order.

■ [¶ 7] After granting summary judgment, the district court took the additional step of entering an order dismissing the case. The record does not explain why the district court entered this superfluous order, and we are unwilling to hazard a guess. Our conclusion is that the second order was unnecessary and unauthorized, and therefore a nullity. *Harding v. Glatter,* 2002 WY 124, ¶ 8, 53 P.3d 538, 540 (Wyo.2002). As a nullity, it could not extend the time or toll the deadline for the Appellants to file their notice of appeal.

[¶ 8] It does appear that the district court, *sua sponte,* requested the Sheriff's counsel to prepare the order of dismissal.[1] Under a principle sometimes called equitable tolling, some courts have held that untimely filings may be excused in circumstances where a party has been prejudiced by reasonable reliance on an erroneous action taken by the trial court. Wyoming jurisprudence has soundly rejected this approach. In *Miller v. Murdock,* 788 P.2d 614 (Wyo.1990), Mr. Miller delayed the filing of his notice of appeal in reliance on the trial court's order extending a deadline for filing a motion for new trial. However, W.R.C.P. 6(b)(2) prohibited the extension of a deadline for seeking a new trial. Because the trial court lacked authority to extend the deadline, its "attempted extension was a nullity," and Mr.

---

1. The district court's letter request was attached as an appendix to the Sheriff's brief, but that does not make the letter part of the record for our review. However, because the district court's action raises important questions, for purposes of discussion we accept the Sheriff's assertion that the district court requested the order of dismissal.

Miller's notice of appeal was therefore untimely. *Id.*, 788 P.2d at 616. We rejected Mr. Miller's assertion that he had justifiably "relied on the district court's mistaken extension of time." *Id.*

> We recognize that in federal courts a "unique circumstances" doctrine may operate to permit an appeal where it appears that a party was prejudiced by its reasonable reliance on a district court's mistaken extension of the filing deadline for a new trial motion. Despite our acknowledgement that federal court treatment of parallel federal rules is highly persuasive, we decline to extend the "unique circumstances" doctrine to Wyoming cases.

*Id.* (internal citation omitted). On that basis, we held that Mr. Miller could not properly claim justifiable reliance on the trial court's mistake:

> It is difficult to understand how a party may reasonably rely on a court's error in applying rules counsel is charged with knowing. If counsel is aware of the error reliance cannot be reasonable; on the other hand, ignorance of the rules is neither reasonable nor excusable.... 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1165 at 479–80 (1987).

*Id.*, n. 2.

[¶ 9] Moreover, the federal "unique circumstances" doctrine is less forgiving than the *Miller* opinion might suggest. It has been applied, for example, where a court gives explicit and wrong instructions to a *pro se* defendant, *Spottsville v. Terry*, 476 F.3d 1241 (11th Cir.2007), or where the State's conduct actually prevents the petitioner from timely filing. *Knight v. Schofield*, 292 F.3d 709, 712 (11th Cir.2002). But recently, the United States Supreme Court denied equitable tolling where the petitioner moved for a 14–day extension of the deadline for filing an appeal, the court inexplicably gave him a 17–day extension in violation of the rules of appellate procedure and the applicable statute, and the petitioner filed his notice of appeal on the seventeenth day. The petitioner's notice of appeal, though filed in reliance on the district court's order, was still deemed untimely. *Bowles v. Russell*, 551 U.S. ——, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).

[¶ 10] For these reasons, we conclude that the district court's summary judgment order was an appealable order; that the district court's second order, dismissing the action, was a nullity; that the Appellants' notice of appeal was therefore untimely; and that the Appellants may not invoke any equitable tolling or unique circumstances to excuse the late filing. We lack jurisdiction, and hereby dismiss this appeal.