# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 50

APRIL TERM, A.D. 2016

May 17, 2016

JEFF LOKEY,

Appellant
(Defendant),

v.

S-15-0233

MIKE IRWIN,

Appellee
(Plaintiff).

*Appeal from the District Court of Sublette County*
*The Honorable Marvin L. Tyler, Judge*

*Representing Appellant:*
Gerard R. Bosch and M. Alison Floyd of Law Offices of Jerry Bosch, LLC, Wilson, Wyoming. Argument by Mr. Bosch.

*Representing Appellee:*
Tom C. Toner of Yonkee & Toner, LLP, Sheridan, Wyoming.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

*FOX, J., delivers the opinion of the Court; BURKE, C.J., files a concurring in part and dissenting in part opinion.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]     The district court entered a default judgment against the appellant, Jeff Lokey, that included a provision allowing the parties ten days to file objections to the judgment.  Mr. Lokey filed an objection, which the court denied.  Mr. Lokey then appealed the court's order denying his objections.  We find that we lack jurisdiction to decide Mr. Lokey's appeal, and we therefore dismiss, though we will award attorney fees incurred in this appeal.

## ISSUES

[¶2]     1.    Does this Court have jurisdiction to entertain Mr. Lokey's appeal, or must we dismiss because Mr. Lokey did not timely appeal an appealable order?

        2.    Does this Court have jurisdiction to award, and is appellee entitled to recover, attorney fees incurred as a result of this appeal based on the contract which was the subject of the underlying action?

## FACTS

[¶3]     The parties were business partners in two Wyoming businesses, Summit Investments, a general partnership, and Rocky Mountain Wash, LLC.  In October 2009, they entered into an agreement to dissolve their shared business ventures.  Each party was to receive certain property owned by those businesses, along with the corresponding debt.  The agreement also provided for payments to be made by Mike Irwin, the appellee, to Mr. Lokey.  On December 8, 2014, Mr. Irwin filed a complaint against Mr. Lokey alleging that Mr. Lokey had neglected to service the debts on property granted to him through the dissolution agreement, and that, as a result, Mr. Irwin had been damaged.  Irwin requested that the district court enter a declaratory judgment relieving him of his obligations under the agreement, arguing that Mr. Lokey had materially breached its terms.  Mr. Lokey was served with the complaint in California on December 18, 2014, but did not answer within thirty days as required by W.R.C.P. 12(a).  On January 22, 2015, Mr. Irwin filed a request for an entry of default alleging that Mr. Lokey had not answered or otherwise pled as required.  The clerk of the district court entered the default on the same day.  Mr. Irwin then moved for a default judgment in accordance with W.R.C.P. 55(b) and requested a hearing.  The district court set the hearing on the default judgment for March 12, 2015.  On March 11, 2015, Mr. Lokey's attorney entered an appearance and moved for a continuance via fax filing.  Just before the hearing on the morning of March 12, 2015, Mr. Lokey filed a number of motions, including a motion to set aside the entry of default.

[¶4]     The district court proceeded with the March 12, 2015 hearing, first allowing counsel to argue Mr. Lokey's motion to continue, which it denied, and then proceeding to

1

hear Mr. Irwin's motion for a default judgment. The court entered its default judgment on April 27, 2015, declaring that Mr. Lokey had materially and substantially breached the dissolution agreement, and that, as a result, Mr. Irwin was relieved from performing any further obligations under the agreement.[1] The last paragraph of the judgment provided:

> **THE COURT HAS PREPARED THIS ORDER. IN THE EVENT THAT ANY PARTY OBJECTS TO THE FORM AND/OR CONTENT OF THIS ORDER, SUCH OBJECTING PARTY SHALL HAVE <u>TEN (10) DAYS</u> TO FILE AND SERVE ANY OBJECTIONS, ALONG WITH AN ALTERNATE FORM OF ORDER. THE COURT RESERVES THE RIGHT TO RULE UPON ANY OBJECTIONS FILED BY ANY PARTY WITH, OR WITHOUT, A HEARING. <u>FAILURE TO FILE AND SERVE ANY OBJECTIONS, ALONG WITH AN ALTERNATE FORM OF ORDER, WITHIN TEN (10) DAYS FROM THE DATE HEREOF SHALL BE DEEMED A COMPLETE WAIVER OF ANY AND ALL OBJECTIONS AS TO FORM OR CONTENT OF THIS ORDER.</u>**

(Capitalization and emphasis in original.) On May 11, 2015, Mr. Lokey filed Defendant's Objections to Entry of Default Judgment with Findings of Facts and Conclusions of Law Dated April 27, 2015, which the district court denied on June 24, 2015. The court's order denying Mr. Lokey's objections was cursory and provided no substantive discussion of the issues presented, instead stating: "The conclusions of law made by the Court [in the default judgment] are appropriate based on the findings made within the Order." Mr. Lokey filed his notice of appeal on July 23, 2015, designating the district court's order denying his objections as the decision from which he was appealing.

*DISCUSSION*

**I.    *Does this Court have jurisdiction to entertain Mr. Lokey's appeal, or must we dismiss because Mr. Lokey did not timely appeal an appealable order?***

[¶5]    Mr. Lokey presents various issues on appeal. However, this Court must first be satisfied that it has jurisdiction to entertain the appeal. *Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, ¶ 14, 331 P.3d 1174, 1178 (Wyo. 2014); *Plymale v. Donnelly*, 2006 WY 3, ¶ 4, 125 P.3d 1022, 1023 (Wyo. 2006). "We pursue that inquiry de novo because the limits placed upon the exercise of our appellate powers are matters of law." *Waldron v. Waldron*, 2015 WY 64, ¶ 11, 349 P.3d 974, 977 (Wyo. 2015) (citing *In re Estate of*

---

[1] The court also denied all of Mr. Lokey's motions, including his motion to set aside the default.

2

*Nielsen*, 2011 WY 71, ¶ 11, 252 P.3d 958, 961 (Wyo. 2011)).  We find that we lack jurisdiction to consider Mr. Lokey's appeal and must dismiss.

[¶6]   The Wyoming Rules of Appellate Procedure set forth the requirements to perfect an appeal.  Rule 2.07 declares that a notice of appeal must "[i]dentify the judgment or appealable order" from which an appeal is taken.  An appealable order is defined as "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment[.]"  W.R.A.P. 1.05(a).

> We have held that an appealable order under Rule 1.05(a) has "three necessary characteristics. . . .  It must affect a substantial right, determine the merits of the controversy, and resolve all outstanding issues."  *In re E.R.C.K.*, 2013 WY 160, ¶ 28, 314 P.3d 1170, 1176 (Wyo. 2013) (quoting *In re KRA*, 2004 WY 18, ¶ 10, 85 P.3d 432, 436 (Wyo. 2004)).  Whether an order is final and appealable is a question of law, which we decide de novo . . . .  *Bourke v. Grey Wolf Drilling Co., LP*, 2013 WY 93, ¶ 15, 305 P.3d 1164, 1167 (Wyo. 2013) (citing *In re MN*, 2007 WY 189, ¶ 4, 171 P.3d 1077, 1080 (Wyo. 2007)).

*Waldron*, 2015 WY 64, ¶ 14, 349 P.3d at 977-78 (quoting *Estate of Dahlke ex rel. Jubie v. Dahlke*, 2014 WY 29, ¶ 31, 319 P.3d 116, 124 (Wyo. 2014)).  In this case, the appealable order was the default judgment.  It affected the substantial rights of the parties, determined the merits of the controversy, and resolved all outstanding issues, leaving nothing for future consideration. *Pub. Serv. Comm'n v. Lower Valley Power & Light, Inc.*, 608 P.2d 660, 661 (Wyo. 1980); W.R.C.P. 54(a) (A judgment "is the final determination of the rights of the parties in action.").  Mr. Lokey, however, did not appeal from the district court's default judgment.  Instead, he appealed from the court's order denying his objections.  This was not an appealable order as defined by the rules and this Court, as it did nothing more than affirm the court's prior ruling.  The error, if any, lies in the default judgment, not in the decision to deny the objections.  In *In re GLP*, we rejected an untimely appeal of a non-appealable order denying a motion to alter or amend, saying:

> In a number of cases, this Court has held that "[a]n order denying a motion for a new trial is not an appealable order." *Rutledge v. Vonfeldt*, 564 P.2d 350, 351 (Wyo. 1977); *Sun Land & Cattle Co. v. Brown*, 387 P.2d 1004, 1006 (Wyo. 1964).  This is because "[e]rror lies to the judgment, but not to the decision of the motion; though that decision may be made a ground for the reversal of the judgment." *Mitter v. Black Diamond Coal Co.*, 193 P. 520, 521, 27 Wyo. 72 (Wyo.

1920) (quoting *Young v. Shallenberger*, 53 Ohio St. 291[, 301], 41 N.E. 518[, 521 (1895)]. The same rule applies to an order denying a motion to alter or amend. *Parker v. Kahin*, 758 P.2d 570, 570-71 (Wyo. 1988). Because Appellant's notice of appeal does not identify an appealable order, this Court finds that this appeal, to the extent it seeks to challenge the denial of the motion to alter or amend, must be dismissed. *Scott v. Sutphin*, 2005 WY 38, 109 P.3d 520 (Wyo. 2005).

2007 WY 141, ¶ 3, 166 P.3d 1284, 1285 (Wyo. 2007). Similarly, Mr. Lokey's notice of appeal does not identify an appealable order and must be dismissed. *See Evans v. Moyer*, 2012 WY 111, ¶ 18, 282 P.3d 1203, 1209 (Wyo. 2012) ("[T]he notice of appeal only perfects an appeal of the order(s) identified in the notice.").

[¶7]   Even if Mr. Lokey had identified the default judgment as the order appealed from, the notice was too late. The district court entered its default judgment on April 27, 2015. "An appeal from a trial court to an appellate court shall be taken by filing the notice of appeal . . . within 30 days from entry of the appealable order[.]" W.R.A.P. 2.01(a). Mr. Lokey did not file his notice of appeal until July 23, 2015, clearly outside of the thirty-day deadline.

[¶8]   The time for filing a notice of appeal can be tolled in some circumstances. W.R.A.P. 2.02(a).

> The time for appeal in a civil case ceases to run as to all parties when a party timely files [] a motion for judgment under Rule 50(b), Wyo. R. Civ. P.; a motion to amend or make additional findings of fact under Rule 52(b), Wyo. R. Civ. P. . . .; a motion to alter or amend the judgment under Rule 59, Wyo. R. Civ. P., or a motion for a new trial under Rule 59, Wyo. R. Civ. P.

W.R.A.P. 2.02(a). The time for filing a notice of appeal is not tolled, however, when the title or content of a post-judgment filing reflects that it is nothing more than a request that the court reconsider a previously entered judgment or appealable order. *Waldron*, 2015 WY 64, ¶ 11, 349 P.3d at 977. "When a post-judgment motion is not expressly denominated as a request for reconsideration, this Court will evaluate its substance to determine what effect it may have on appellate deadlines." *Id.* at ¶ 13, 349 P.3d at 977. We therefore look to the substance of Mr. Lokey's post-judgment filing to determine whether the time for filing a notice of appeal could be tolled under W.R.A.P. 2.02.

[¶9]   Wyoming Rule of Civil Procedure 50(b) provides that a party may renew a motion for a judgment as a matter of law previously made during the course of a jury trial. This was not a jury trial, but a hearing on a motion for a default judgment. As a result, Rule 50(b) does not apply. *Id.* at ¶ 17, 349 P.3d at 978. Wyoming Rule of Civil Procedure 52(b) allows a party to move for an amendment to a court's special findings or to request additional special findings after a judgment has been entered. In this case, the district court did not make special findings, nor did Mr. Lokey request that such findings be made. Rule 52(b) therefore fails to save Mr. Lokey from the thirty-day deadline to file his notice of appeal.[2]

[¶10]  Wyoming Rule of Civil Procedure 59 likewise fails to toll the time for filing an appeal in this case. Mr. Lokey's filing was not a motion for a new trial under Rule 59(a) because no trial was held. The parties presented no evidence at the hearing, and each relied only upon oral argument from counsel. Rule 59(a) "presupposes that the district court has conducted a trial," which did not occur here. *Waldron*, 2015 WY 64, ¶ 19, 349 P.3d at 978. Thus, Mr. Lokey's objection cannot be characterized as a motion for a new trial.[3] *See id.* ("[W]here an appealable order or judgment is issued without a trial, a motion for a new trial is an inappropriate means for seeking relief from that order of judgment.").

[¶11]  Finally, a motion cannot be characterized as one under Rule 59(e)

> unless it is based on legal issues derived from an intervening change of controlling law, factual issues arising from newly discovered evidence that was not previously available, or arguments which could not have been put before the district court prior to its ruling. No matter what it purported to be, it is not a proper Rule 59(e) motion if it amounts to an attempt to address factual or legal issues that should have been addressed earlier or that were already addressed and decided.

*Id.* at ¶ 20, 349 P.3d at 978-79 (citations omitted). Mr. Lokey's objections did not identify an intervening change of law, nor did they allege the discovery of new evidence pertinent to the district court's decision. Instead, Mr. Lokey submitted twenty-one pages of argument advancing issues that were either already decided by the district court in its default judgment or that should have been addressed earlier. In essence, Mr. Lokey's objections are nothing more than a post-judgment motion for reconsideration, which this Court has declared a nullity. *Plymale*, 2006 WY 3, ¶ 5, 125 P.3d at 1024. Mr. Lokey's objections did not toll the time for filing a notice of appeal under W.R.A.P. 2.02. Even if Mr. Lokey had appealed the appropriate order, the default judgment, his appeal would

---

[2] In his reply brief, Mr. Lokey concedes that he did not file a motion pursuant to Rule 52(b).
[3] Mr. Lokey also concedes that he did not file a motion for a new trial under Rule 59(a).

have been untimely and we would be without jurisdiction to consider it. "[T]he timely filing of a notice of appeal is jurisdictional." *Paxton Res., L.L.C. v. Brannaman*, 2004 WY 93, ¶ 15, 95 P.3d 796, 801 (Wyo. 2004); *see also* W.R.A.P. 1.03(a); Tyler J. Garrett, *Anatomy of a Wyoming Appeal: A Practitioner's Guide for Civil Cases*, 16 Wyo. L. Rev. 139, 142-148 (2016). If we recognized a special class of "tentative decisions," we would only create a state of limbo that would result in confusion for courts and parties. "To be effective, judicial administration must not be leaden-footed." *Cobbledick v. United States*, 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940).

[¶12] Mr. Lokey argues that he reasonably relied on the district court's order permitting him to file objections within ten days of the default judgment, and equity requires that we allow his appeal to go forward despite its untimeliness. Federal cases have occasionally recognized the "unique circumstances" doctrine, which equitably tolls the time for filing a notice of appeal when a party relies, to its detriment, on a district court's order that is contrary to the rules of civil procedure. *Eady v. Foerder*, 381 F.2d 980, 981 (7th Cir. 1967). However, the United States Supreme Court explicitly overruled this doctrine in *Bowles v. Russell*, where it ruled the "unique circumstances" doctrine to be "illegitimate." 551 U.S. 205, 214, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007). While this Court is not bound by the procedural rulings of the United States Supreme Court,[4] we have consistently held, in line with the United States Supreme Court's *Bowles* decision, that the time for appeal cannot be tolled when a district court takes actions that are not authorized by the rules of civil procedure. In *Merchant v. Gray*, 2007 WY 208, ¶¶ 8-9, 173 P.3d 410, 412-13 (Wyo. 2007), we held that a district court had no authority to extend the deadline to file a motion for a new trial, and that a party's reliance on the district court's extension did not toll the time for filing an appeal. We held similarly in *Miller v. Murdock*, 788 P.2d 614, 616-17 (Wyo. 1990), and explicitly declined to extend the "unique circumstances" doctrine to Wyoming cases.

[¶13] The district court's default judgment finally determined the parties' rights. Thereafter, the district court only had jurisdiction to decide appropriate post-judgment motions authorized by the rules. *See* 49 C.J.S. *Judgments* § 358 (updated April 2016); *see also Ultra Res., Inc. v. Hartman*, 2015 WY 40, ¶ 14, 346 P.3d 880, 887 (Wyo. 2015) (the inherent power of a district court to enforce its own orders is limited, and a court must "stay true to the earlier judgment"); *State v. Meier*, 440 N.W.2d 700, 702 (N.D. 1989) ("Generally, when a judgment has become final, the trial court loses jurisdiction to alter, amend, or modify that judgment."). The district court's order allowing the parties to file objections was not in accordance with any rule pertaining to post-judgment procedure, and the district court lacked jurisdiction to invite such objections or to rule on

---

[4] In *Lovato v. State*, 901 P.2d 408, 411 (Wyo. 1995), we explained "that we will consider relevant federal precedent when Wyoming's rules of procedure are similar to the federal rules. *See, e.g., Meyer v. Mulligan*, 889 P.2d 509, 517 (Wyo. 1995). We are not however bound by those decisions."

them. Thus, the district court's order on Mr. Lokey's objections was a nullity, and because we have no better jurisdiction than the district court, any appeal from that order must be dismissed. *See Miller*, 788 P.2d at 616-17 (declaring the district court's action a nullity because it lacked authority to extend a filing period); *Lankford v. City of Laramie*, 2004 WY 143, ¶ 23, 100 P.3d 1238, 1244 (Wyo. 2004) ("[W]e have no better jurisdiction than did the district court.").

## II. Does this Court have jurisdiction to award, and is appellee entitled to recover, attorney fees incurred as a result of this appeal based on the contract which was the subject of the underlying action?

[¶14] Mr. Irwin argues that he is entitled to an award of attorney fees on appeal pursuant to the parties' dissolution agreement. Because we have found that we lack jurisdiction to determine the merits of Mr. Lokey's appeal, we must examine whether we have the jurisdiction to award attorney fees in light of our dismissal. *See Clendenning v. Guise*, 8 Wyo. 91, 55 P. 447, 450-51 (1898) (addressing the issue of whether a court can award costs after determining that it lacks jurisdiction). We adopt the conclusion of the Eleventh Circuit Court of Appeals, finding that the award of attorney fees is collateral to the merits of a case, and therefore within a court's jurisdiction, even after the court has determined that it lacks jurisdiction of the underlying claim. *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 Fed. Appx. 962, 964-65 (11th Cir. 2008). This comports with Wyoming's approach when awarding attorney fees in the lower courts. We have held that even when a district court loses jurisdiction over the merits of the action after an appeal is docketed, it retains jurisdiction to award costs and attorney fees if appropriate. *Garwood v. Garwood*, 2010 WY 91, ¶ 25, 233 P.3d 977, 984 (Wyo. 2010). We find that the award of attorney fees is collateral to the merits of the case, and we therefore have jurisdiction to award attorney fees on appeal when appropriate.

[¶15] A party is entitled to recover attorney fees if expressly provided for by statute or contract. *Kinstler v. RTB South Greeley, LTD., LLC*, 2007 WY 98, ¶ 13, 160 P.3d 1125, 1129 (Wyo. 2007). "Where a contract allows the award of attorney's fees, that includes fees incurred on appeal." *Id.* at ¶ 13, 160 P.3d at 1129. In this case, the contract provides:

> If any legal action is brought for the enforcement of this Contract or because of any alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this Contract, the prevailing party shall be entitled to recover reasonable attorney's fees and other costs incurred, in addition to any other relief to which a party may be entitled.

Mr. Irwin is the prevailing party and entitled to recover reasonable attorney fees incurred on this appeal. We will determine the appropriate sum to be awarded after counsel

submits proper documentation.  W.R.A.P. 10.06; *see also GGV v. JLR*, 2005 WY 14, ¶ 16, 105 P.3d 474, 480 (Wyo. 2005) (allowing the parties 15 days to submit a statement of attorney's fees to the court in accordance with W.R.A.P. 10.06).

## *CONCLUSION*

[¶16]  This Court lacks jurisdiction to entertain Mr. Lokey's appeal, and therefore we dismiss the appeal.  Mr. Irwin is entitled to reasonable attorney fees pursuant to the parties' dissolution agreement.  This amount shall be determined after submission of proper documentation by counsel.

**BURKE, Chief Justice,** concurring in part and dissenting in part.

[¶17] I write separately because I disagree with the majority's determination that we lack jurisdiction. We have previously explained:

> An appealable order is "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment[.]" W.R.A.P. 1.05(a). "[A] judgment or order which determines the merits of the controversy and leaves nothing for future consideration is final and appealable, and it is not appealable unless it does those things." *Public Service Commission v. Lower Valley Power*, 608 P.2d 660, 661 (Wyo. 1980).

*Steele v. Neeman*, 6 P.3d 649, 653 (Wyo. 2000). "Said another way, to be appealable, an order must leave nothing for future consideration." *Miller v. Beyer*, 2014 WY 84, ¶ 20, 329 P.3d 956, 962 (Wyo. 2014).

[¶18] I recognize that the document at issue was entitled "Entry of Default Judgment with Findings of Facts and Conclusions of Law," and that it was signed by the judge and entered in the court docket. However, the title of the document is not determinative in assessing whether it is an appealable order. We must review the contents of the entire document in order to determine its impact.

> Most appellate courts, in addressing finality, agree that the substance should be elevated over the form of the order. *See generally* 4 C.J.S. *Appeal & Error* § 94b, pp. 265-66. Instead of emphasizing the name given to an action below, we should concentrate on the effect the order has on the parties' rights.

*Stone v. Stone*, 842 P.2d 545, 548 (Wyo. 1992). In this case, when the entire document is reviewed, it is clear that the order did not resolve all outstanding issues. The order states:

> **THE COURT HAS PREPARED THIS ORDER. IN THE EVENT THAT ANY PARTY OBJECTS TO THE FORM AND/OR CONTENT OF THIS ORDER, SUCH OBJECTING PARTY SHALL HAVE <u>TEN (10) DAYS</u> TO FILE AND SERVE ANY OBJECTIONS, ALONG WITH AN ALTERNATE FORM OF ORDER. THE COURT RESERVES THE RIGHT TO RULE UPON ANY OBJECTIONS FILED BY ANY PARTY WITH, OR WITHOUT, A HEARING. <u>FAILURE TO FILE AND SERVE ANY OBJECTIONS, ALONG WITH AN</u>**

9

**ALTERNATE FORM OF ORDER, WITHIN TEN (10) DAYS FROM THE DATE HEREOF SHALL BE DEEMED A COMPLETE WAIVER OF ANY AND ALL OBJECTIONS AS TO FORM OR CONTENT OF THIS ORDER.**

(Capitalization and emphasis in original.)  Based upon the clear and unambiguous terms of the order, it would only become final if no objections to the order were filed within ten days.  Appellant filed his objections within the ten-day time period.

[¶19]  The case before us now is more akin to *2-H Ranch Co., Inc. v. Simmons*, 658 P.2d 68, 69 (Wyo. 1983), in which "the district court entered what is purported to be a judgment" indicating that, after the commencement of trial, the parties reached a settlement agreement.  The terms of that agreement, as set forth in the purported judgment, were that the Simmonses would deed certain property to 2-H Ranch, and 2-H Ranch would pay the Simmonses a sum of money.  *Id.* at 70.  The purported judgment concluded:  "That with the tender of payment by [2-H Ranch] in accordance with the terms set forth above, [and] the delivery of the aforesaid warranty deed . . . this action shall be dismissed with prejudice to all parties, and each party shall bear his or her own costs."  *Id.*

[¶20]  2-H Ranch apparently failed to pay the money and the Simmonses obtained a writ of execution against 2-H Ranch property.  The property was subsequently sold at a sheriff's sale.  *Id.* at 70-71.  Later, 2-H Ranch filed a motion to set aside the sheriff's sale, asserting that "the judgment entered by the district court would not permit the issuance of the writ of execution against its property."  *Id.* at 71.  The district court denied the motion, but we agreed with 2-H Ranch and reversed that decision.  We explained:

> The judgment entered by the district court . . . is certainly a curious document; though so labeled, it is not a judgment and we cannot hold that it is under the Wyoming Rules of Civil Procedure.  It does not provide the basis for the ultimate disposition of [the] property.

*Id.*  We determined that the "so-called judgment" was "at best a conditional judgment that never had its conditions met."

> Conditional judgments are judgments that do not become effective unless the conditions they contain have been complied with or that may be defeated or amended by the performance of a subsequent act or occurrence.  *In Re Roney*, 139 F.2d 175 (7th Cir. 1943).  Conditional judgments, however, are not final or appealable judgments under Rule

10

54(a), F.R.C.P., until all contingencies have been removed. *Id.* at 177; 10 Wright & Miller [*Federal Practice and Procedure: Civil* § 2651] at 14. Likewise, under Rule 54(a), W.R.C.P., where a judgment is defined as a final determination of the rights of parties to an action, a conditional judgment cannot be held to be a judgment until the contingencies contained within it have been removed.

*2-H Ranch Co., Inc.* at 72. We concluded that the conditional judgment with unmet contingencies did not resolve the rights of the parties and was not a judgment. It did not support the issuance of a writ of execution, "since such a writ is issued to enforce a judgment." *Id.*

[¶21] Also instructive is the divorce case of *Walter v. Walter*, 2015 WY 53, ¶¶ 20-24, 346 P.3d 961, 967 (Wyo. 2015), in which, after trial, the district court entered "detailed and comprehensive Findings of Fact and Conclusions of Law." The district court later modified those findings and conclusions, resulting in terms more favorable to Father than the earlier decision. On appeal, Mother asserted that it was improper for the district court to alter its findings and conclusions. We noted, however, that "the district court's findings and conclusions were not meant as a final order [because they] directed Father to prepare and circulate a proposed divorce decree." *Id.*, ¶ 24, 346 P.3d at 967. Accordingly, we concluded that the initial findings and conclusions were not a final order, and the district court had the authority to revise them at any time before entering the divorce decree. *See also Broadhead v. Broadhead*, 737 P.2d 731, 733 (Wyo. 1987) (A tentative decision does not "constitute a judicial determination which may be considered a final order.").

[¶22] The purported judgment in the case before us was a tentative decision. It expressly indicated that it could be altered or amended based on the parties' objections. It was also a conditional judgment that could not become effective until its contingencies were fulfilled. But whether characterized as tentative or conditional, the so-called default judgment did not determine the merits of the controversy, and it expressly left the parties' objections open for future consideration.[5] It was not an appealable order.

[¶23] The merits of this controversy were not finally determined until the district court entered the order denying Mr. Lokey's objections. The appealable order in this case was the order denying the objections, not the purported default judgment. Mr. Lokey correctly identified the appealable order in his notice of appeal, and that notice, filed within thirty days of the entry of that order, was timely. We have jurisdiction and this case should be resolved on the merits.

---

[5] The objection filed by Appellant was not a post-judgment motion for reconsideration because no final judgment had been entered. Also, if the purported judgment was not an appealable order, it is unnecessary to determine whether the time for appeal had been tolled.

11

[¶24] If considered on the merits, I would determine that Appellant has failed to establish prejudicial error and that Appellee is the prevailing party. Accordingly, I would affirm and award reasonable attorney fees to Appellee based upon the language of the contract.